IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,355






EX PARTE JESUS PEREZ SALDANA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 2003-CR-123-E IN THE 357TH JUDICIAL DISTRICT COURT
OF CAMERON COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of one count of indecency with a child and two counts of aggravated sexual assault of a child,
and punishment was assessed at three consecutive thirty-five year sentences. Applicant's
direct appeal was dismissed for want of jurisdiction. Saldana v. State, No. 13-04-00105-CR
(Tex. App. - Corpus Christi 2004).

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel". 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel. In this case, trial counsel did
timely file a motion for a new trial, and reasonably believed that he had been replaced by
other counsel shortly thereafter. However, appellate counsel was not informed of his
appointment until after the deadline for filing a notice of appeal had passed.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 2003-CR-123-E from the 357th District Court of Cameron
County. The proper remedy in a case such as this is to return Applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: March 8, 2006